Argued and submitted January 21, affirmed April 14, 1999

In the Matter of the Compensation of
Nadine D. Shook, Claimant.

Nadine D. SHOOK,
*Petitioner,*

*v.*

PACIFIC COMMUNITIES HOSPITAL
and SAIF Corporation,
*Respondents.*

(WCB No. AF-97028; CA A101848)

980 P2d 161

Christine I. Jensen argued the cause for petitioner. With her on the brief was Malagon, Moore & Jensen.

David L. Runner argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Claimant seeks review of the Workers' Compensation Board's denial of "out-of-compensation" attorney fees pursuant to ORS 656.386(2).[1] She contends that her attorney's services in noncontested case proceedings before the Director of the Department of Consumer and Business Services (DCBS) resulted in an "increase in the claimant's compensation" in that the Director approved claimant's back surgery, which, in turn, yielded an automatic award of permanent partial disability benefits. OAR 436-035-0350(2). We conclude that ORS 656.385(5) and ORS 656.388(1) precluded the Board from awarding fees and, thus, affirm.

Claimant suffered a compensable back injury in February 1996. Her treating physician requested authorization for back surgery. In September 1996, the insurer, SAIF Corporation, requested that the Director of DCBS review the matter, contending that the surgery was not reasonable or necessary. ORS 656.327(1)(a). On March 3, 1997, the Medical Review Unit (MRU) issued an order determining that SAIF was not required to pay for the proposed surgery. Claimant requested review of that determination, and a hearing was set for June 2, 1997. However, before the hearing occurred, claimant underwent the proposed surgery. Following that surgery, which included a lumbar microdiscectomy, the matter was remanded to the MRU to reassess its determination in light of surgical and postsurgical information.

Ultimately on October 12, 1997, following the MRU's review and determination that the surgery had resolved claimant's symptoms, the Director issued an order concluding that the surgery "was appropriate * * * and SAIF was liable for that procedure." As a result of the Director's order, claimant was entitled to an automatic award of nine percent permanent partial disability benefits pursuant to

---

[1] ORS 656.386(2) provides:

"In all other cases [cases not governed by subsection (1)], attorney fees shall be paid from the increase in the claimant's compensation, if any, except as otherwise expressly provided in this chapter."

OAR 436-035-0350.[2] The Director's final order did not award claimant attorney fees.

In November 1997, claimant's attorney filed a request for hearing with the Workers' Compensation Hearings Division, asserting an entitlement to fees under ORS 656.383(2). That request described counsel's considerable efforts in "establishing claimant's right to surgery" and requested approval of a 25 percent attorney fee out of claimant's permanent partial disability award "that is directly due to the surgery."

The ALJ denied fees. The Board affirmed that denial, concluding that, because "the compensation [was] not awarded or approved by the Hearings Division or the Board, neither the ALJ nor the Board has the authority to approve an out-of-compensation attorney fee."

On review, claimant reiterates that her attorney is entitled to out-of-compensation fees pursuant to ORS 656.386(2) because her counsel's efforts before the Director yielded an "increase in compensation" in that the Director's approval of the surgery resulted in the automatic award of permanent partial disability benefits. SAIF does not dispute claimant's factual premise that her attorney's efforts may have contributed to her receipt of increased compensation. SAIF contends, however, that that premise is legally immaterial because ORS 656.385(5) and ORS 656.388(1) preclude the Board from awarding fees in these circumstances.

---

[2] OAR 436-035-0350 provides, in part:

"(2) For purposes of this section, the cervical, thoracic, and lumbosacral regions are considered separate body parts. Values determined within one body part are first added, then the total impairment value is obtained by combining the different body part values. The following values are for surgical procedures performed on the spine.

| | "% Impairment | | |
|---|---|---|---|
| "1st Surgical Procedure involving one disc and/or up to 2 vertebrae | "Cervical | Thoracic | Lumbosacral |
| | 8% | 4% | 9%" |

ORS 656.385 provides, in part:

"(1)   In all cases involving a dispute over compensation benefits pursuant to ORS 656.245, 656.260, 656.327 or 656.340, where a claimant finally prevails in a contested case order by the Director of the Department of Consumer and Business Services, the director shall require the insurer or self-insured employer to pay a reasonable attorney fee to the claimant's attorney. In such cases, after a contested case hearing request by the claimant, where an attorney is instrumental in obtaining a settlement of the dispute prior to a decision by the director, the director may require the insurer or self-insured employer to pay a reasonable attorney fee to the claimant or claimant's attorney.

"* * * * *

"(5)   Notwithstanding any other provision in ORS 656.382 or 656.386, an Administrative Law Judge or the Workers' Compensation Board may not award penalties or attorney fees for matters arising under the review jurisdiction of the Director."

ORS 656.388(1) provides, in part:

"No attorney fees shall be approved or allowed for representation of the claimant before the managed care organization or Director of the Department of Consumer and Business Services except for representation at the contested case hearing."

SAIF contends that those statutes, in combination, express and effectuate two overarching legislative policies. First, attorneys who represent claimants in medical services matters are to be compensated *only* for those services that are rendered in the context of contested case proceedings. Second, only the Director can award fees for services rendered "in matters arising under the review jurisdiction of the Director." SAIF further argues that those policies either individually, or together, bar an award of fees under ORS 656.386(2). *See* ORS 656.385(5) ("[n]otwithstanding any other provision in * * * ORS 656.386 * * *"). Claimant counters that ORS 656.385(5) is inapposite because the basis for her alleged entitlement to fees is "the future permanent [partial] disability benefits flowing from the surgery the Director ord~~ed, not for the surgery itself"—and the former, claimant

asserts, is not a "matter[ ] arising under the review jurisdiction of the Director."

Claimant's position is not without practical appeal. It is likely that counsel's efforts did, in fact, contribute to claimant's ultimate receipt of permanent partial disability compensation. But, as a legal matter, claimant's position cannot be squared with the statutes: The representation occurred solely before the Director, not the Hearings Division; the services were not rendered in the context of a contested case proceeding; and the subject of the representation, the appropriateness and necessity of the back surgery, was a matter uniquely within the Director's review jurisdiction. The entitlement to permanent partial disability benefits was never litigated before the Director (as, indeed, it could not have been) but, instead, flowed automatically, as a matter of law, from the operation of OAR 436-035-0350. In those circumstances, ORS 656.385(5) and ORS 656.388(1) preempted and precluded the Board from awarding "out-of-compensation" fees.

Affirmed.